<hr />

## MAHON v. STEAMER OLIVE BRANCH, et als.

Where goods are delivered in a damaged condition, the burthen is upon the defendant to show that they were not responsible for the cause of the damage.

Low water is not to be classed among *the dangers of the river*, which absolve the carrier from his obligation; and he is held to the most exact diligence in the preservation and delivery of property committed to his care.

APPEAL from the Third District Court of New Orleans. *Fellowes, J.* *W. W. Handlin*, for plaintiff and appellant. *W. H. Hunt*, for defendant.

HOWELL, J. Plaintiff claims from the defendants $327, being the alleged damage to forty barrels of apples, shipped on board the Olive

Branch, in good order, at St. Louis, Missouri, and "to be delivered, without delay, in like order, at New Orleans, unavoidable dangers of the river and fire only excepted."

The answer contains a general denial, and the special defence, that, if the goods sustained any damage, it resulted from causes for which respondents are not responsible.

Judgment was rendered in favor of defendants, and plaintiff appealed.

It is clearly shown that the apples were delivered in a damaged condition, and by the defence as well as the law, the burden is upon defendants to show that they are not responsible for the cause of the damage.   11 A. 43.  6 A. 410.

It appears from the evidence that the shipment was made on 9th September, 1864 ; that on the day after the boat left St. Louis, she grounded on Crawford's Bar, about 130 miles below, where she put out every pound of her freight, except twelve bales of feed; proceeded to Cairo, and on the way, chartered a small boat to bring her freight to Cairo to be replaced on her; that after waiting there three days she proceeded without the apples on her voyage to New Orleans, where she arrived on the 24th September ; that in ordinary navigation the trip is made in six days ; that on the 30th, six days thereafter, the Ida Handy arrived at New Orleans, and delivered the apples in an unsound condition ; that plaintiff warned them under protest, paying the freight, and sold them on the levee, by crying them himself at auction, without giving public notice or notice to defendants ; that about half the apples were in a merchantable condition, and the other half damaged from decay, arising during the delay in transportation.

We think the defendants have failed to relieve themselves from the responsibility for the unusual delay.   They do not satisfactorily account for the failure of the small boat, chartered by them to deliver the goods to them on a reasonable time, even if they were justifiable in having all their freight on the bank as was done, and employing another boat, upon which we deem it unnecessary, in this case, to pass.   It was their duty to show that it was impossible for the goods to be replaced on their boat, and that it was necessary for them to proceed on their voyage without them ; which they have failed to do.   Low water is not to be classed among the *dangers of the river*, which absolve the carrier from his obligation ;  (12 A. 783), and he is held to the most exact diligence in the preservation and delivery of property committed to his care.   In this instance, we think the temptation presented by the large freights offering at Cairo, at that time, as shown by the evidence, induced defendants to relax that diligence required by law.

The measure of damages, however, is not established to our satisfaction. The agreement between plaintiff and defendants' agent was, that the apples should be sold to the best advantage, and this is not clearly shown to have been done.   It does not appear that they were sold as well as could have been done.   The testimony of the purchaser does not enable

us to fix the amount of damage. He states what he gave for them, but also says that about one-half were merchantable, and that the week previous such apples were selling for $10 or $12 per barrel. We think, on the authority in 6 A. 801, this branch of the case, upon which the evidence is meagre and unsatisfactory, should undergo further investigation.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, and this cause remanded for a new trial. Defendants to pay costs of appeal.